Venory COX, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. F–78–55, F–78–56.

Court of Criminal Appeals of Oklahoma.

May 4, 1982.

T. Hurley Jordan, Public Defender, Robert A. Ravitz, First Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Division, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Venory Cox, appellant was convicted of Murder in the First Degree and sentenced to death.

In 1972, the appellant obtained a divorce from his wife, Pearl Mae Cox, after twenty-five years of marriage. On August 14, 1977, he went to his ex-wife's residence and observed her in bed with her boyfriend, Mr. Sanders. Cox immediately left the house and retrieved a pistol from his car. He returned minutes later and shot and killed his ex-wife and her boyfriend, while they lay asleep in bed.

The appellant argues that he was denied due process and equal protection by the trial court's refusal to grant funds for his own expert witnesses. In *United States ex rel. Smith v. Baldi*, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953), the United States Supreme Court ruled that a state is under no constitutional duty to provide an indigent defendant with a psychiatrist to conduct an examination. Additionally, the Oklahoma statutes do not authorize the disbursement of state funds for the employment of expert witnesses for the benefit of indigent defendants. *See Eddings v. State*, 616 P.2d 1159 (Okl.Cr.1980); —— U.S. ——, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) (reversed on other grounds). *Dennis v. State*, 561 P.2d 88 (Okl.Cr.1977). Therefore, we find that the trial court did not err in denying the appellant's request for funds.

Cox next argues that the trial court erred in refusing to grant his application for commitment to a state hospital for examination and observation of his mental condition. On December 20, 1977, defense counsel filed an application for commitment to Central State Hospital. This application was overruled. On January 9, 1978, the day of the trial, defense counsel renewed his request to have Cox committed to Central State Hospital or to have a psychiatrist appointed to determine whether the appellant was sane at the time of the shooting, and presently competent to stand trial. At a hearing prior to trial, defense counsel testified, under oath, that in his opinion Cox was not competent to stand trial. The appellant's application for commitment was again summarily denied. See *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); and *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

██ The statutory provisions granting the trial court the power to commit a defendant for examination are 22 O.S.1971, § 1171, and 22 O.S.1971, § 1172 (repealed, now 22 O.S.Supp.1980, § 1175.1–1175.8). Section 1171 provides that:

"If any person is held in confinement because of criminal charges, or if he has criminal charges pending or likely to be filed against him, or if he has been taken into custody because of a criminal act or acts, and prior to the calling of an indictment or information for trial or preliminary hearing, a doubt arises as to his present sanity, either such individual or the district attorney may make application to the District Court for an order committing such individual to a state hospital within the Department of Mental Health for observation and examination for a period not to exceed sixty (60) days. . . . "

Section 1172 provides that:

"In the event the District Court determines that there is a *doubt* as to the present sanity of the individual, he shall be ordered committed to a State Hospital and proceedings against such individual shall be further suspended pending the report of the doctors of said hospital."

In *Wimberli v. State*, 536 P.2d 945, 950 (Okl.Cr.1975), this Court stated that "the trial court has to be advised from reputable sources that the defendant is insane under oath." This Court further held in *Wimberli* that:

'. . . while the court cannot act arbitrarily in the matter, it has a right to look to the source of the information, and come to a proper conclusion, from all the facts and circumstances, whether there is a doubt in his mind as to the sanity of the defendant. . ." (Citing *Johnson v. State*, 73 Okl.Cr. 370, 121 P.2d 625 (1942).)

The State cites *Franklin v. State*, 509 P.2d 161 (Okl.Cr.1973), to support its contention that defense counsel's unsubstantiated opinion is not sufficient to create a legal doubt as to Cox' sanity. In *Franklin*, however, we held that a defense counsel's opinion as to the defendant's present sanity must be based upon more than mere suspicion. In fact, the *Franklin* Court asserted:

"Had the trial court only the statement of counsel, under oath, of his opinion of the defendant's sanity, *after several conferences with him and nothing else* . . . this Court would agree that the trial court would have been remiss in not granting the defendant a trial to determine present sanity." supra at 163 (Citing *French v. State*, 397 P.2d 909 (Okl.Cr. 1964). (emphasis added).

In *Johnson v. State*, 73 Okl.Cr. 370, 121 P.2d 625 (1942), this Court was presented with a similar factual situation. In *Johnson* the defendant made a request to the trial court to obtain a mental examination. The trial court denied the request. The trial judge based the denial on his personal observation of the defendant. In *Johnson v. State*, supra, this Court stated:

"If there exists in the mind of the court a doubt as to the sanity of the defendant, as expressed in the statute, means if the court has been advised from a reputable source—that is, if a statement is made to the court by credible person or persons, under oath that the person is insane—a doubt is raised. While there is judicial

discretion left to the court to determine whether there exists in the mind of the court a doubt, nevertheless such discretion should not be arbitrarily exercised, and its positive declaration and statement, as above indicated, that the defendant is insane necessarily presents a condition calling for investigation. The court may look to the source of information, the motive, opportunity, etc., of the party making it, but if the court denies the inquiry by a jury, it must do so under the circumstances excluding all doubt of the truthfulness of the declaration that the defendant is insane. Id. (citing *Marshall v. Territory*, 2 Okl.Cr. 136, 101 P. 139 (1909)).

\* \* \* \* \* \*

" . . . We are satisfied that the trial judge personally had no doubt of defendant's sanity; yet the motion and affidavit, together with the statement of counsel, are sufficient to legally raise a doubt."

In this case, the trial court has the statements of defense counsel, under oath, that in his opinion Cox was unable to distinguish between right and wrong. The State did not offer any evidence to refute defense counsel's opinion. Defense counsel based his sworn testimony on his personal observations made during several interviews with Cox.

The rule in *Johnson* is even more compelling in a case where the defendant is subject to the death penalty, as here. A mitigating circumstance for the jury to consider is whether "the murder was committed while the defendant was under the influence of extreme mental or emotional disturbance." Additionally, the trial judge is required, independent of the jury's determination, to consider whether the defendant's physical or mental condition calls for special consideration.

Even if the defendant is determined to be legally sane he should be afforded the opportunity to introduce evidence of his mental condition at the punishment stage. Psychiatric testimony of the defendant's mental or emotional state at the time of the killing may very likely influence the jury's

decision as to whether to recommend a life sentence or a sentence of death.

Therefore, we find that under these particular circumstances the trial court abused its discretion in denying the appellant the opportunity to be examined at the state hospital.

REVERSED and REMANDED for a new trial.

Venory Cox shall be entitled to a determination of his competency under 22 O.S. Supp.1980, §§ 1175.1–1175.8.

BUSSEY, Judge, dissents:

I must respectfully dissent. Rather than reverse, I would remand this case to the trial court for a determination of the issue of Cox's mental competency at the time of trial, pursuant to the provisions of 22 O.S. Supp.1981, §§ 1175.1 thru 1175.8, and direct that the findings of fact and conclusions of law be forwarded to this Court in order that we may properly dispose of this issue.